UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

| | |
|---|---|
| HAROLD J. BLAKELY AND MEDICAL PROVIDERS; MISSISSIPPI DIVISION OF MEDICAID; CENTER FOR MEDICARE AND MEDICAID SERVICES (CMS) AND SOUTHERN BONE AND JOINT SPECIALISTS, P.A. | PLAINTIFF |
| VERSUS | CAUSE NO. 2:05cv115-KS-JMR |
| MISSISSIPPI WORKERS' COMPENSATION COMMISSION; HONORABLE DENISE TURNER LOTT, ADMINISTRATIVE LAW JUDGE; HOWARD INDUSTRIES, INC. AND THEIR INSURANCE SAFETY RISK SERVICE; THEIR ATTORNEY, HONORABLE DOUGLAS S. BOONE, FOR LAW FIRM GILCHRIST, SUMRALL THAXTON AND YODER | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on separate Motions to Dismiss filed on behalf of Howard Industries, Safety Risk Service, Douglas Boone and the law firm of Gilchrist, Sumrall, Thaxton and Yoder (the "Howard defendants") **[#11]** and on behalf of the Mississippi Worker's Compensation Commission and Administrative Law Judge Denise Turner Lott (MWCC or the "MWCC defendants") **[#17]**.  The court, having reviewed the motions, the exhibits and the pleadings on file and being advised that the plaintiff has wholly failed to respond to the motions is of the opinion that the motions are well taken and should be granted.  The court finds specifically as follows;

## **FACTUAL BACKGROUND**

From the pleadings and exhibits on file it appears that Blakely filed a worker's compensation claim in 1998 for an alleged on-the-job injury which occurred in 1997 while he was employed at Howard Industries.  Blakely alleges in his complaint that the case has been pending before the MWCC for over eight years without resolution and that he has been through fifteen attorneys in prosecuting the case.  His complaint alleges no basis for the jurisdiction of this court and the court can determine none.  Blakely's complaint appears to be nothing more than an attempt to remove his MWCC proceeding from that body to this court.

The MWCC defendants have moved to dismiss on the basis of lack of personal jurisdiction, insufficiency of service of process and failure to state a claim under Rule 12(b)(2), (5) and (6), Federal Rules of Civil Procedure.  The Howard defendants have moved to dismiss on the basis of lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure and that the complaint is malicious and frivolous and subject to dismissal pursuant to 28 U.S.C. § 1915.  The Howard defendants also assert that the plaintiff should be enjoined from further litigation in federal court pursuant to the All Writs Act, 28 U.S.C. § 1651(A) and that the court should impose Rule 11 sanctions against the plaintiff.

## **STANDARD OF REVIEW**

A Rules 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion.  *See*

*Williamson v. Tucker,* 645 F. 2d 404 (5th Cir. 1981).  It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.  If the court considers external matters to the pleadings the allegations of the complaint need not be taken as true.  If the factual matters considered outside the pleadings are undisputed, the court need not make specific factual findings for the record.  Conversely, if the court is called upon to make factual determinations to support its order, they should be stated specifically.  *See Id.*

However, in ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).  As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.  We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[1]  Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993); (internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

---

[1] Even where the plaintiff fails to respond to the motion, as here, the court is required to view the facts in the light most favorable to him.

Rule 12(b)(5) is the proper challenge when the a party is improperly served with an otherwise proper Summons and Complaint. "If a misnomer or mistake on the part of the Plaintiff constitutes a fatal defect, that is, a defect of substance and not merely one of form, the process would be void ab initio and . . . there would be, as recognized by Rule 12(b), both insufficiency of process and insufficiency of service of process." *Sweeney v. Greenwood Index- Journal Co.*, 37 F. Supp. 484 (D.C. S.C. 1941). See also Wright and Miller, Federal Practice and Procedure: Civil 2d Section 1353.

"The party on whose behalf service is made has the burden of establishing its validity." Wright and Miller, Federal Practice and Procedure: Civil 2d, Section 1353. The Plaintiff has failed to make any response to the Motion to Dismiss in violation of local rules and has thus waived any objections thereto. *Shires v. Magnavox*, 74 F.R.D. 373 (1977). "Although *pro se* pleadings are generally held to less stringent standards, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct.594, 595, 30 L.Ed.2d 652 (1972), a *pro se* plaintiff still must properly serve the defendant. *Kiley v. Kurtz*, 533 F.Supp. 465, 467 (D.Co. 1982)." *Cheek v. Doe*, 110 F.R.D. 420 (N.D. Ill. 1986).

## SUBJECT MATTER JURISDICTION

The Howard defendants attack the complaint first on the basis of lack of subject matter jurisdiction. It is axiomatic that federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims. *See Veldhoen v. United States Coast Guard, 35 F.3d 222, 225 (5th Cir.1994).* The Fifth Circuit has held that "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal*

*Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998).  Further,  "[t]his is the 'first principle of federal jurisdiction.'"  *Veldhoen*, 35 F.3d at 225 (*quoting* HART & WECHSLER, THE FEDERAL COURTS AND THE FEDERAL SYSTEM 835 (2d ed.1973)); *see also Telecommunications Research and Action Center v. FCC* ("*TRAC* "), 750 F.2d 70, 75 (D.C.Cir.1984) ("Jurisdiction is, of necessity, the first issue for an Article III court.").

Blakely bears the burden of demonstrating that jurisdiction is proper since he is the party asserting federal jurisdiction.  *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir.1982).  Blakely did not make any assertion of federal jurisdiction in his Complaint and as the Fifth Circuit has held, "jurisdiction must always affirmatively appear."  *Le Mieux Bros. v. Tremont Lumber Co.*, 140 F.2d 387, 388 (5th Cir. 1944).  Nor has Blakely responded to the motions to dismiss and even belatedly offered any basis for federal jurisdiction.  Further, from the pleadings before the court, neither can the court ascertain any basis upon which it may entertain subject matter jurisdiction in this matter.

This matter is subject to dismissal without any further ado, however, the court will also address the MWCC's separate motion on the basis of Eleventh Amendment immunity.

## ELEVENTH AMENDMENT IMMUNITY

"The Eleventh Amendment prohibits the citizens from bringing suit against the state unless the state waives its immunity."  *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)(*quoting Ex Parte Young*, 209 U.S. 123, 149, 28 S. Ct. 441, 449-50, 52 L. Ed. 714, 725 (1908)).  The Eleventh Amendment to the United States Constitution provides;

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

While the language of the Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

Further, "[i]t is also well established that even though a State is not named a party to the action, the suit may nonetheless be barred by the Eleventh Amendment." *Id.* "Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman*, 415 U.S. at 663. Additionally, the "jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

"The Eleventh Amendment bars a suit against state officials when the 'state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101 (other citations omitted). "Federal claims against state employees in their official capacities are the equivalent of suits against the state." *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)(quoting *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, note 55, 98 S. Ct. 2018, (1978)). As the Supreme Court pointed out in *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945);

> [W]hen the action is in essence one for the recovery of money from the

> state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

323 U.S. at 464.

"Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" *Pennhurst,* 465 U.S. at 101 (*citing, Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963)(*per curiam*)). "And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against the State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst*, 465 U.S. at 101-102, (*citing, Cory v. White*, 457 U.S. 85, 91, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982)).

"[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.  A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121.  "It may be that applying the Eleventh Amendment to pendent claims results in federal claims being brought in state court, or in bifurcation of claims.  That is not uncommon in this area.  Under *Edelman v. Jordan, supra*, a suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst,* 465 at 122.

The Fifth Circuit has held that whether an agency can be determined to be an appropriate entity which may take advantage of the grant of immunity set forth in the Eleventh Amendment "turns on the entity's (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or state wide problems, (5) ability

7

to sue in its own name, and (6) right to hold and use property." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir. 1999). Further, "the most significant factor in assessing an entity's status is whether a judgment against it will be paid with state funds." *Id.* at 314, (*quoting McDonald v. Board of Mississippi Levy Commissioners*, 832 F.2d 901, 907 (5th Cir. 1987)).

The plaintiff has not responded to the Motion to Dismiss and thus does not dispute that the MWCC is an arm of the State of Mississippi. There is no dispute that the MWCC is anything other than a agency of the State of Mississippi. Therefore, absent an effective waiver of immunity under the Eleventh Amendment, neither the MWCC nor its employees acting in their official capacities are subject to suit in federal court.

The record before the Court does not show that the state (the MWCC) has "clearly waived" its Eleventh Amendment immunity as is required, thus neither the MWCC nor Denise Turner Lott are subject to suit in this forum. *See Edelman v. Jordan, supra; Petty v. Tennessee-Missouri Bridge Comm'n*, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959); and *Jagnandan v. Giles*, 538 F.2d 1166 (5th Cir. 1976)*.*

### **CONCLUSION**

The court takes note that the plaintiff appears to be a "recreational litigator" based on a review of its own docket and the court's dealings with this plaintiff in other cases. This case appears to be frivolous and without any basis in law or

fact as one subject to the jurisdiction of this court.  It has taken scarce judicial resources to carefully examine this matter.  Rule 11 of the Federal Rules of Civil Procedure is intended to prevent vexatious and frivolous litigation by allowing the court to impose sanctions including attorney's fees and expenses for a violation of the rule.  Additionally, 28 U.S.C. § 1919 provides that "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs."

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff is hereby put on notice that the court is considering imposing sanctions under Rule 11 as well as costs under 28 U.S.C. §§ 1919 and 1920 on proper motion pursuant to Rule 11 by the defendants or upon its own initiative as well as injunctive relief under the All Writs Act to prevent further litigation in this court by the plaintiff.  The defendants are therefore directed to file a proper motion within ten days of this Order in conformity with Rule 11, Federal Rules of Civil Procedure and the All Writs Act if they wish the court to consider such sanctions.  If no motion is forthcoming, the court may consider the imposition of such sanctions on its own initiative.

IT IS FURTHER ORDERED AND ADJUDGED that the plaintiff shall file a pleading to show cause why such sanctions should not be imposed within ten days of any motion filed by the defendants, or if no motion is filed, within thirty days of this Order, but in no event shall the show cause pleading of the plaintiff be filed more than thirty days from the date of this Order.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss **[#11]**

filed on behalf of Howard Industries, Inc., Safety Risk Service, Honorable Douglas S. Boone, and the Law Firm of Gilchrist, Sumrall Thaxton and Yoder is **Granted** and the plaintiff's Complaint as to these defendants is dismissed without prejudice for lack of jurisdiction.

      IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Dismiss **[#17]** filed on behalf of the Mississippi Worker's Compensation Commission and ALJ Denise Turner Lott is **Granted** and the plaintiff's Complaint as to these defendants is dismissed without prejudice based on Eleventh Amendment Immunity.

      A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure. All other pending motions are dismissed as moot.

      SO ORDERED AND ADJUDGED this the 17th day of April, 2006.


                                                 s/ *Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE