UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HAROLD J. BLAKELY AND MEDICAL
PROVIDERS; MISSISSIPPI DIVISION
OF MEDICAID; CENTER FOR MEDICARE
AND MEDICAID SERVICES (CMS) AND
SOUTHERN BONE AND JOINT SPECIALISTS, P.A.          PLAINTIFF

VERSUS                                CAUSE NO. 2:05cv115-KS-JMR

MISSISSIPPI WORKERS' COMPENSATION
COMMISSION; HONORABLE DENISE TURNER LOTT,
ADMINISTRATIVE LAW JUDGE; HOWARD
INDUSTRIES, INC. AND THEIR INSURANCE
SAFETY RISK SERVICE; THEIR ATTORNEY,
HONORABLE DOUGLAS S BOONE, FOR LAW
FIRM GILCHRIST, SUMRALL THAXTON AND
YODER                                              DEFENDANTS

## ORDER

This matter is before the court on separate Motions for Sanctions and Injunctive Relief filed on behalf of Howard Industries, Safety Risk Service, Douglas Boone and the law firm of Gilchrist, Sumrall, Thaxton and Yoder **[#22]**. The court, having reviewed the motion, the response and the exhibits and the pleadings on file and being fully advised in the premises is of the opinion that the motion is not well taken and should be denied.

The court entered judgment in favor of these defendants as to all of the plaintiff's claims on April 17, 2006. These defendants had requested sanctions and an injunction

against the plaintiff in their papers filed in their original motion to dismiss.  In the court's April 17 opinion, the court did not award the sanctions and injunction requested by the defendants, but instead directed the defendants to file a proper motion under Rule 11 and/or the All Writs Act , if they chose to pursue the claims.  They have filed the present motion which is, basically, identical to the one included in their motion to dismiss.

In support of their motion, the defendants argue that the plaintiff, Harold J. Blakely, has a history of filing frivolous lawsuits, as evidenced by the fact that since 1994 he has filed what they characterize as thirteen frivolous suits and has been a party to four other such suits.  Further, the defendants contend, because of the plaintiff's allegedly clear pattern of frivolous, repetitious and harassing suits, the court should enjoin him from further litigation, pursuant to the All Writs Act, 28 U.S.C.A. §1651(a).  They argue that the claim filed against them was frivolous and in violation of Rule 11 of the Federal Rules of Civil Procedure and that such a claim is an abuse of process and was instituted by the plaintiff against these defendants for the purpose of harassment and therefore, sanctions are proper under Federal Rules of Civil Procedure 11.  They finally contend that the Complaint was malicious, frivolous, and failed to state a claim upon which relief could be granted.

The court indeed found that the Complaint filed in this matter was without basis in law or fact and stated that it would consider ordering the imposition of sanctions, *sua sponte*, in the event the defendants did not renew this motion.  In reviewing the index of previous litigation provided by the defendants setting forth the seventeen prior lawsuits of this plaintiff, the court notes that the plaintiff is certainly litigious.  However, it appears that the bulk of the suits were settled or dismissed by agreement of the parties.  These

suits may or may not fit the "frivolous" pattern asserted by the defendants, but such is certainly not clear from what is before the court. Additionally, none of the other litigation involved the claims asserted here.

      Rule 11 of the Federal Rules of Civil procedure provides, in pertinent part,

> **(b) Representations to Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> > **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> > **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> > **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.
>
> **(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

      According to the notes accompanying the text, Rule 11 is not a means of cost-shifting or compensation but is designed and to be utilized as a deterrent to the conduct condemned by the rule. As a result, strict compliance with the dictates of the rule is required for the imposition of sanctions set forth therein. Before sanctions can be imposed, the rule requires

> **(1) How Initiated**.
>> **(A) By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.
>> **(B) On Court's Initiative**. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.
>
> **(2) Nature of Sanction; Limitations**. A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.
>> **(A)** Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).
>> **(B)** Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.
>
> **(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

The right of access to the courts is extremely important for the vindication of wrongs visited upon individuals, corporations or governments. The courts will not lightly restrict such access. Certainly, "[t]he district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their

opponents. *Ruderer v. United States*, 462 F.2d 897 (8th Cir.), *Appeal dismissed*, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972); *Hill v. Estelle*, 423 F.Supp. 690 (S.D.Tex.), *Aff'd without opinion*, 543 F.2d 754 (5th Cir. 1976)." *Harrelson v. U.S.*, 613 F.2d 114, 116 (5th Cir. 1980).

The court finds that the plaintiff's Complaint was frivolous and without any basis in law or fact. However, due to the procedural inadequacies of the Rule 11 motion, the court declines to impose sanctions on the plaintiff. Nor will the court impose them on its own initiative. Further, the court finds that the motion to enjoin the plaintiff from filing further litigation is unwarranted under existing law. If the present action had been the result of multiple litigation over these claims with these defendants and the allegedly previous frivolous litigiousness of the plaintiff had been documented, the court would be in a different position. On the present record, the court finds that the Motion for Sanctions and for Injunctive Relief should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Sanctions and for Injunctive Relief **[#22]** is Denied.

SO ORDER AND ADJUDGED this the 27th day of June, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE